# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDY RIEDI, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| | : | |
| GEICO CASUALTY COMPANY, | : | NO. 16-6139 |
| | : | |
| Defendant. | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                                     July 11, 2017

## I.  INTRODUCTION

This case arises out of a car accident involving Wendy Riedi and her son Cody Chidsey. Ms. Riedi and Mr. Chidsey, the plaintiffs, filed a complaint against GEICO Casualty Company after GEICO refused to pay them uninsured motorist ("UIM") benefits. GEICO filed a motion to dismiss the plaintiffs' amended complaint. I will deny the motion to dismiss.

## II.  BACKGROUND

On June 28, 2016, Cody Chidsey purchased a 2010 Dodge Challenger from a car dealership in Walnutport, Pennsylvania. Before picking up the car, Cody and his mother, Wendy Riedi, contacted GEICO Casualty Company and requested to add the Dodge Challenger to their pre-existing automobile insurance policy. A GEICO representative told Cody and his mother that their insurance quote would be stored electronically and to contact GEICO once they obtained the VIN number.

1

After purchasing the Dodge Challenger, Cody and his mother (with Cody driving) were travelling along Airport Road in East Allen Township, Pennsylvania. When they came to the intersection of Airport Road and West Main Boulevard, their car was struck by another car. The car that struck them was not insured.

Cody and his mother allege the accident was caused solely by the negligence of the other driver who hit them. Both Cody and his mother suffered injuries as a result of the accident. The Dodge Challenger suffered property damage.

After the accident, Cody and his mother notified GEICO of their intention to pursue UIM benefits. They claim they fully complied with all the terms and conditions required by the GEICO insurance policy. Cody and his mother seek UIM benefits and property damage benefits in the amount of the policy limits. GEICO has refused to pay Cody or his mother UIM benefits or property damage benefits.

Cody and his mother initiated this action by filing a complaint against GEICO in the Court of Common Pleas of Philadelphia County. Thereafter, GEICO removed the case to this Court based upon diversity of citizenship jurisdiction. The complaint sets forth several claims against GEICO: (i) breach of contract for bodily injury and property damage; (ii) bad faith pursuant to 42 Pa. C.S. § 8371; (iii) breach of contract for failure to procure insurance; and (iv) negligence for failure to procure insurance.

I previously granted GEICO's motion to dismiss the complaint in part. On May 1, 2017, the plaintiffs filed an amended complaint. GEICO moves to dismiss the plaintiffs' amended bad faith, breach of contract, and procurement claims. In support of their amended complaint, plaintiffs have attached a copy of an Automobile Insurance Policy

issued to the plaintiffs by GEICO. (Doc. No. 11, Ex. A). This GEICO Policy states, among other things, that GEICO agrees to insure any automobile owned by plaintiff(s) "on the date of acquisition" and which plaintiff(s) "request [GEICO] to add . . . to the policy within 30 days afterward." (Id. at 10 ¶ 5(b)(ii)).

### III. LEGAL STANDARD

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Subsequently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a

3

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

The basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

**IV.  DISCUSSION**

GEICO argues the plaintiffs have failed to state a breach of contract claim. GEICO also moves to dismiss plaintiffs' failure to procure insurance and bad faith claims.

4

## A. Breach of Contract

At this stage, the plaintiffs have plausibly stated a claim for breach of contract. Accordingly, I will deny GEICO's motion to dismiss Counts I, II, III, and IV.

A federal court sitting in diversity must apply the forum state's substantive law. Hunt v. U.S. Tobacco Co., 538 F.3d 217, 220 (3d Cir. 2008). Here, the parties agree that Pennsylvania law applies to the breach of contract claims.

In order to make out a breach of contract claim under Pennsylvania law, the plaintiff must establish: (1) the existence of a contract; (2) a breach of a duty imposed by that contract; and (3) damages. First Sealord Surety v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 386 (E.D. Pa. 2013) (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003)). GEICO argues plaintiffs cannot establish the first element: the existence of a contract. This is an issue that can only be resolved after discovery. Thus, the motion to dismiss the contract claims must be denied.

Plaintiffs rely on a GEICO insurance policy issued to Wendy Riedi. (Doc. No. 11, Ex. A) [hereinafter "GEICO Policy"]. This GEICO Policy also lists plaintiff Cody Chidsey as an additional driver insured by the policy. (GEICO Policy at 1). According to this policy, GEICO promises to "insure all *private passenger autos, farm autos, utility autos* and *trailers* owned by *you* on the date of such acquisition and *you* request us to add it to the policy within 30 days afterward." (GEICO Policy at 10 ¶ 5(b)(ii) (emphasis in original)). Plaintiffs allege that they requested the 2010 Dodge Challenger be added to the GEICO Policy on June 28, 2016. (Am. Compl. ¶ 10). Accepting this allegation as true, and based upon the plain language of the GEICO Policy, it appears that this "request"

5

would trigger coverage thereby creating a contract between GEICO and the plaintiffs with respect to the 2010 Dodge Challenger. See GEICO Policy at 10 ¶ 5(b)(ii).

For all these reasons, I will deny GEICO's motion to dismiss the breach of contract claims.[1]

### B. Bad Faith Claims

Under Pennsylvania law, plaintiffs may recover interest, punitive damages, court costs, and attorney's fees if an insurer acts in bad faith in evaluating or handling a claim. 42 Pa. C.S. § 8371. In order to show bad faith, a plaintiff must prove by clear and convincing evidence that: (1) the insurer lacked a reasonable basis for denying benefits; and (2) the insurer knew or recklessly disregarded its lack of reasonable basis. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). A court should examine the factors that the insurer relied on in evaluating a claim to determine whether the insurer had a reasonable basis for denying benefits. Terletsky, 649 A.2d at 688–89. A bad faith claim is "fact specific" and depends upon the insured's conduct in connection with handling and evaluating a specific claim. Condio v. Erie Ins. Exch., 899 A.2d 1136, 1143 (Pa. Super. 2006).

To be sure, mere negligence or a lack of judgment does not constitute bad faith. Id. However, an insurer's reckless conduct can support a finding of bad faith. Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751 (3d Cir. 1994). In making out a bad faith

---

[1] Of course, discovery may reveal the absence of a contract between the plaintiffs and GEICO with respect to the vehicle at issue. However, at this early stage of the litigation, plaintiffs have stated a claim for relief.

claim, the plaintiff is not required to prove that an insurer's delay in payment was motivated by any improper purpose. Klinger, 115 F.3d at 233. However, in order to survive a motion to dismiss, the plaintiff must provide supporting factual detail rather than mere legal conclusions. E.g., Smith v. State Farm Mut. Auto. Ins. Co., 506 F. App'x 133 (3d Cir. 2012); Canizares v. Hartford Ins. Co., Civ. A. No. 16-1465, 2016 WL 3027766, at *2 (E.D. Pa. May 27, 2016); Mozzo v. Progressive Ins. Co., Civ. A. No. 14-5752, 2015 WL 56740, at *2–3 (E.D. Pa. Jan. 5, 2015); Atiyeh v. Nat'l Fire Ins. Co., 742 F. Supp. 2d 591, 599–600 (E.D. Pa. 2010).

The attachment of the GEICO Policy changes the landscape of plaintiffs' bad faith claims. Without the benefit of viewing the GEICO Policy, in considering GEICO's first motion to dismiss, it appeared that plaintiffs had no basis for claiming GEICO acted in bad faith. However, the GEICO Policy expressly promises to insure the plaintiffs as long as they request a car be added to the GEICO Policy within 30 days of acquiring the car. (GEICO Policy at 10 ¶ 5(b)(ii). The plaintiffs allege they did just that; indeed, they allege they requested the 2010 Dodge Challenger be added to the GEICO Policy the same exact day it was purchased.

In light of this newly developed background, plaintiffs' allegations as to GEICO's conduct with respect to their claim rises to the level of bad faith. Despite the GEICO Policy that clearly provides coverage for any car requested to be added to the policy within 30 days of acquisition, GEICO blatantly ignored the plaintiffs' insurance claim and physical injuries. (Am. Compl. ¶¶ 69, 73). For example, GEICO did not even inspect the vehicle. The alleged actions—and lack thereof—on behalf of GEICO, in light of the

7

GEICO Policy, make out a claim for bad faith. Simply put, an insurance company ignoring its customer's claim in the face of its own policy language clearly guaranteeing coverage for the very claim at issue certainly forms the basis for a bad faith claim. Under this scenario, assuming its truth, the insurer would have no reasonable basis for denying benefits and would be recklessly disregarding its lack of a reasonable basis.

For all these reasons, I will deny GEICO's motion to dismiss the plaintiffs' bad faith claims.

### C. Failure to Procure Insurance

Plaintiffs bring a breach of contract claim and negligence claim based upon GEICO's failure to procure an insurance policy for them. I will deny GEICO's motion to dismiss these claims.

In some situations, Pennsylvania law recognizes claims for failure to procure insurance. Avondale Cut Rate, Inc. v. Assoc. Excess Underwriters, Inc., 178 A.2d 758, 760 (Pa. 1962). As expressed by the Pennsylvania Supreme Court:

> [W]here an insurance agent or broker promises, or gives some affirmative assurance, that he will procure or renew a policy of insurance under such circumstances as to lull the 'insured' into the belief that such insurance has been effected, the law will impose upon the broker or agent the obligation to perform the duty which he has thus assumed.

Id. (alteration in original) (quoting Luther v. Coal Operators Cas. Co., 108 A.2d 691, 692 (Pa. 1954), overruled on other grounds by Jarvis v. WCAB, 441 A.2d 1189, 1190–91 (Pa. 1981)); see also Al's Café, Inc v. Sanders Ins. Agency, 820 A.2d 745, 749 (Pa. Super. Ct. 2003) ("It has long been the law in this Commonwealth that an insurance agent or broker has a duty not to misrepresent the coverage procured" (citing Luther, 108 A.2d at 692));

8

St. Paul Surplus Lines Ins. Co. v. Fuhrman, Civ. A. No. 88-6209, 1989 WL 386, at *2 (E.D. Pa. Jan. 3, 1989) (recognizing breach of contract claim for failure to procure insurance). Such a claim only arises, however, where the insurer's agent makes affirmative misrepresentations to undertake a duty to provide the insurance. Jarvis, 441 A.2d at 1190; Avondale, 178 A.2d at 760; Luther, 108 A.2d at 692–93.

I previously dismissed these claims because there was no allegation that GEICO made any affirmative representations to provide insurance to the plaintiffs. With the addition of the GEICO Policy, the opposite is now true. The GEICO Policy certainly "gives some affirmative assurance" that insurance will be provided. (GEICO Policy at 10 ¶ 5(b)(ii)). Plaintiffs allege this assurance was confirmed in its conversation with a GEICO representative on the date of the accident. (Am. Compl. ¶¶ 10–12).

Accordingly, I will deny the motion to dismiss the plaintiffs' claims that are based upon GEICO's failure to procure insurance.

## V. CONCLUSION

For all the foregoing reasons, I will deny GEICO's motion to dismiss.

An appropriate Order follows.